## JOHN LANTERMAN'S ADMINISTRATOR

*v.*

## LUCY J. LANTERMAN et al.

A testator gave the interest on a share of his residuary estate to his daughter P. for life, and if she should die without an heir the share was to fall into his estate. His executors gave their bond to P., in 1857, with a condition like that in the will, and secured it by a mortgage on lands belonging to one of them and a third person. P. died in 1882, without an heir, leaving part of the accrued interest on the bond unpaid, and leaving a will appointing A. her executor. Both of P.'s father's executors are dead, and B. has been made administrator *de bonis non. Held,* that A. and B. could join as complainants to recover, A. the interest and B. the principal due on the bond and mortgage.

*Messrs. Roe & Shepherd,* for demurrant.

*Mr. Frank J. Swayze,* for complainant.

BIRD, V. C.

Sixteen of the defendants join in demurring to this bill, and insist that the bond and mortgage named in the bill "does not bind William Lanterman and Moses Lanterman, the obligors therein named, with the payment of the sum of $2,024.38 to Parmelia Lanterman, the obligee therein named, or to any other person; but only binds the obligors with the payment of the interest on that sum, yearly, to the said obligee, during her life; and that the mortgaged premises are not pledged for the payment of the said sum of $2,024.38;" and in the second place, insist " that the allegation of indebtedness of William Lanterman and Moses Lanterman, the makers of said bond, to 'the estate of John Lanterman, deceased,' is insufficient to establish the right of the complainant, Job Cary, administrator &c. of John Lanterman, deceased, to said alleged principal sum; the personal representatives of the estate of the said John Lanterman, deceased, at the time the alleged indebtedness arose, the persons to whom it was owing, are not mentioned or set forth in any part

of the said bill of complaint; for which cause the bill of complaint is defective and insufficient to establish the claim of the complainant, Job Cary, as administrator as aforesaid, to any part of the alleged mortgaged debt, for the reason that the said representatives of John Lanterman, deceased, may have been the obligors named in the said bond or obligation, as in fact they were;" and in the third place, "that the said complainant, Job Cary, administrator as aforesaid, is not a proper party complainant in the said bill of complaint."

Let us get all the facts before the mind. John Lanterman made his will and provided that the residue should be divided into portions, one of which was to be invested by his executors and the interest paid to his daughter Parmelia, during her life, and in case she should die without an heir or heirs, then the said principal sum should fall into his estate again. Upon the settlement of his estate, one of said portions was $2,024.38. The executors of his will were William and Moses Lanterman, and as such held the said $2,024.38. On September 18th, 1857, they made their bond to Parmelia to secure to her the interest during her life, and the bill says, with this addition to the condition, "in case the said Parmelia Lanterman should die without an heir or heirs, the said sum should fall into the estate of the said John Lanterman according to the terms of his will," and delivered it to her.

In order to secure the payment of said bond, the said Moses Lanterman and one John D. Lanterman made and delivered a mortgage to said Parmelia on certain lands, with a condition like the one written in the bond.

On October 17th, 1882, Parmelia died without an heir, leaving her last will, by which she appointed one of the complainants, John Lanterman, executor thereof. Her will has been proved. And a portion of the interest which accrued on said bond from time to time, was still due and unpaid at the time of her death.

The said Job Cary, as administrator *de bonis non* with the will annexed of John Lanterman, deceased, and the said John Lanterman, as executor of the last will of Parmelia Lanterman, join in filing this bill; the former to recover the said principal

sum, and the latter the said interest. The executors of the said John Lanterman, deceased, are dead.

The first point made by the demurrer is that the condition of the bond is not such as to bind the obligors, William and Moses Lanterman, to the payment of the $2,024.38, but only the interest, and consequently the mortgaged premises are not bound. If I understand the case made by the demurrants, this claim rests on the alleged absence of any language to bind them to pay that sum. The condition is that they shall and will pay such interest, and after the death of Parmelia the said sum shall fall into the estate of the said John Lanterman, according to the terms of his said will, then this obligation to be void &c.

In my opinion that is equivalent to an express stipulation to pay said $2,024.38 into the estate of said John Lanterman, deceased. Doubtless, that was in mind at the time, and nothing else. Doubtless, they supposed (as every person so situated seems to suppose) that they would outlive every other one interested in the estate, and that they would have the money in their own hands as executors, and that it would be proper for them to recognize the character of the fund and of their holding in that event. I think the language is quite clear enough to imply a binding promise to *pay* into the estate of John Lanterman, deceased, the said principal. They had the money in trust. It was their duty to invest it and to make it secure. They undertook to invest and secure it honestly, I have no doubt, and I have as little, lawfully.

But it has been observed that one of the said executors, Moses Lanterman, and a stranger, John D. Lanterman, gave the mortgage to secure the said moneys with a similar condition. The claim is that the imperfection above named as to the bond is of equal force when applied to the mortgage, and that, as a consequence, the land is not bound for the said principal to the complainant, Job Cary, as the representative of John Lanterman, deceased. What I have said as to the bond I think is of equal force on this head. The condition is that the money shall fall into the estate, which is equivalent to the words, shall be paid into the estate of John Lanterman.

21

Again, it is urged that the allegation of indebtedness of the makers of said bond "to the estate of John Lanterman, deceased," is insufficient to show any right in Job Cary, one of the complainants, to bring suit for said principal sum. I have concluded that the money belongs to that estate. Who is entitled to it? Is not the administrator with the will annexed? Under the will it must be distributed, and consequently must be administered. Job Cary is the lawfully constituted administrator. He is authorized to collect, receive and distribute this fund, and no one else is. Indeed, no one else can.

But, to be more specific, it is said that "the personal representatives of the estate of the said John Lanterman, deceased, at the time the alleged indebtedness arose—the persons to whom it was owing—are not mentioned or set forth in any part of said bill of complaint," because they may have been the obligors, as in fact they were. That is, this money came to their hands as executors, and they gave their individual bond, conditioned for the payment thereof, either to Parmelia or to the estate of John Lanterman, deceased. It is apparent from this that the personal representatives referred to are the persons who were the executors of John Lanterman, the testator. The bill alleges that they having died, the complainant, Job Cary, was appointed, and that he took upon himself the duties of administration, and is entitled to said moneys. The demurrer says that the "personal representatives of the estate of John Lanterman, deceased," gave the bond, and ought, therefore, to have been made parties to this suit; the bill alleges that they gave the bond and have since died, and that now the complainant is in their place and represents the said estate. I conclude that in this particular the bill makes a case.

Lastly, is Job Cary, as administrator *de bonis non* with the will annexed, a proper party complainant? I think so. He might have filed a bill as such administrator and made the executor of the will of Parmelia a party defendant, or the latter person might have filed a bill and made Job, the administrator &c., of John Lanterman, deceased, a party defendant. Their respective rights could then have been as fully protected. But there was

no necessity for such course.   Persons who are not in a hostile attitude, who do not make claims against another inconsistent with each other, can join in the prosecution of such claims in equity. If A owns a bond and mortgage, and at one time assigns part to B, and another time the balance to C, if B and C be agreed as to their respective interests they can join in a suit thereon.   It is a mercy to the owner of the equity to do so, for it lessens the costs.

I will advise an order overruling the demurrer, with costs.